**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MELISSA SESI<br>2037 Spring Valley Road<br>Lansdale, Pennsylvania 19446<br><br>v.<br><br>THE AUTOMOBILE INSURANCE COMPANY<br>OF HARTFORD, CONNECTICUT d/b/a<br>TRAVELERS INSURANCE<br>One Tower Square<br>Hartford, Connecticut 06183 | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION NO. |

## CIVIL ACTION COMPLAINT

## THE PARTIES

1. Plaintiff, Melissa Sesi, is an adult individual and a citizen and resident of the Commonwealth of Pennsylvania, residing at 2037 Spring Valley Road, Lansdale, Pennsylvania 19446.

2. Defendant, The Automobile Insurance Company of Hartford, Connecticut d/b/a Travelers Insurance (hereinafter referred to as "Travelers" and/or "Defendant"), is a corporation or other business entity authorized and licensed to sell and provide automobile financial responsibility insurance in the Commonwealth of Pennsylvania, with its domicile and principal place of business located at One Tower Square, Hartford, Connecticut 06183, and is the insurer that issued the Policy described herein.

## JURISDICTION

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1332(a)(1) in that "the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States".

## VENUE

4. Venue over this action is appropriate in this matter pursuant to 28 U.S.C. 1391(a)(2), in the Eastern District of Pennsylvania in that it is where a substantial part of the events or omissions giving rise to the claim occurred.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

5. Plaintiff avers and incorporates by reference the averments of Paragraphs 1 through 4 as though the same were fully set forth herein.

6. At all times relevant and material to this Civil Action, Plaintiff, Melissa Sesi, owned, operated, managed, possessed, controlled and/or leased a 2014 Chrysler Town & Country, Pennsylvania License Plate No. HHX8643 and Vehicle Identification No. 2C4RC1CG0ER274759.

7. At all times material to this Civil Action, Plaintiff, Melissa Sesi, had a valid contract with Defendant, Travelers, consisting of a Pennsylvania Personal Auto Policy, Policy No. 6060235402031 (the "Policy"), issued to Plaintiff as named insured at her Lansdale, Pennsylvania address, covering the aforesaid motor vehicle and providing, inter alia, underinsured motorists coverage.

8. On or about November 8, 2022, at approximately 7:58 a.m., Plaintiff, Melissa Sesi, was lawfully operating the aforesaid Insured Vehicle southbound on East Grand Avenue at or near its intersection with Route 1 East, Rahway, New Jersey, with the lawful right of way when Roxanne Torres (hereinafter the "underinsured motorist"), operating a 2020 Subaru Ascent, New Jersey License Plate No. C27MTF, merging into the southbound left turning lane of East Grand Avenue, so negligently and carelessly operated her motor vehicle, suddenly and without warning,

and violently collided into Plaintiff's vehicle, causing Plaintiff, Melissa Sesi, to sustain severe and grievous injuries hereinafter more fully set forth.

9. The underinsured motorist was careless and negligent in the operation of her vehicle so as to cause this collision, resulting in serious and permanent injuries and damages to Plaintiff, Melissa Sesi.

10. The aforesaid motor vehicle accident was caused solely by reason of the negligence, carelessness and/or recklessness of the underinsured motorist and, in addition to the aforementioned, consisted of the following:

a) Operating a motor vehicle at a high and excessive rate of speed under the circumstances and conditions;

b) Failing to yield the right of way to Plaintiff's vehicle;

c) Failing to keep a proper lookout;

d) Failure to have a motor vehicle under proper and adequate control;

e) Failure to use the highest degree of skill in the operation of a motor vehicle;

f) Failing to warn Plaintiff of the impending collision;

g) Failure to keep a proper lookout for other vehicles lawfully upon the highway;

h) Failure to exercise due care and caution under the circumstances;

i) Violations of the ordinances, statutes and Rules of the Road of the State of New Jersey, Title 39, et seq., governing the operation of motor vehicles upon the highway;

j) Violating the Assured Clear Distance Rule; and,

k) Negligence as a matter of law.

11. As a direct and proximate result of the negligence of the underinsured motorist, Plaintiff, Melissa Sesi, suffered and will continue to suffer from severe and permanent injuries to her bones, joints, muscles, tendons, blood vessels, and soft tissues throughout her entire body.

12. On the date of the aforesaid collision, the vehicle driven by Roxanne Torres, was insured, but with a policy of $100,000.00 per person and $300,000.00 per accident, which coverage is inadequate coverage to fully compensate the Plaintiff herein for the injuries and damages she sustained and, thus, that vehicle and its driver were underinsured.

13. On the date of the aforesaid collision, Plaintiff, Melissa Sesi's Insured Vehicle was insured under the Policy issued by Defendant, Travelers, with underinsured motorist bodily injury limits of $100,000.00 each person and $300,000.00 each accident, non-stacked.

14. By letter dated May 20, 2026, Plaintiff, through counsel, notified Travelers pursuant to Daley-Sand that a tentative settlement had been reached with the underinsured motorist's liability carrier, GEICO, in the amount of $97,500.00 of a possible $100,000.00 policy, requested that Travelers advise within twenty-one (21) days whether it would consent to the settlement or advance the settlement amount, and asserted a claim for underinsured motorist benefits under the Policy.

15. By letter dated May 21, 2026, Travelers, through its New Jersey Claim Center and its Claim Professional, Donna Theodosis, waived subrogation against the underinsured motorist and granted what it described as "Longworth" consent to settle Plaintiff's bodily injury claim with GEICO for $97,500.00. "Longworth" refers to the consent-to-settle procedure that governs underinsured motorist claims under New Jersey law, not Pennsylvania law.

16. In the same May 21, 2026 letter, Travelers advised that, to resolve the underinsured motorist claim, it would require permission to view the first party benefits ("PIP") file and copies

of Plaintiff's medical records, and it expressly reserved its rights to request an examination under oath and independent medical examinations.

17. The Policy is a Pennsylvania Personal Auto Policy issued to a Pennsylvania resident, covering vehicles garaged in Lansdale, Pennsylvania, and was written in reliance upon the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. § 1701 et seq. Pennsylvania law governs Plaintiff's claim for underinsured motorist benefits under the Policy.

18. During a telephone conference with Plaintiff's counsel on May 21, 2026, Travelers took the position that New Jersey law governed Plaintiff's underinsured motorist claim and that underinsured motorist benefits under the Policy constituted "gap" coverage, under which the Policy's $100,000.00 underinsured motorist limit would be reduced by the underinsured motorist's $100,000.00 liability limit, rather than excess coverage available in addition to the underinsured motorist's liability limit as provided under Pennsylvania law.

19. Travelers' invocation of New Jersey law and "gap" coverage principles to a Pennsylvania policy issued to a Pennsylvania insured had no reasonable basis and served as a pretext to deny that any underinsured motorist benefits were owed.

20. On June 1, 2026, Plaintiff, through counsel, authorized Travelers to review the PIP file and provided Travelers with additional medical documentation to evaluate the underinsured motorist claim, including a medical causation letter from Plaintiff's treating gastroenterologist, Jong Hyun Nam, M.D., stating that the motor vehicle accident caused an exacerbation of Plaintiff's Crohn's disease and the necessity of her surgery.

21. On June 22, 2026, Travelers acknowledged that it had accessed the documents and stated that it would contact Plaintiff's counsel once it had reviewed everything, but provided no timeline for its evaluation.

22. By correspondence dated July 7, 2026, Plaintiff's counsel advised Travelers that more than six weeks after consent was granted, and more than a month after the PIP file and Dr. Nam's letter were provided, Travelers had provided no substantive response, evaluation or offer, and objected to Travelers' application of New Jersey "gap coverage" analysis to a Pennsylvania policy.

23. Travelers further took the position that Plaintiff's gastrointestinal injuries, including the exacerbation of her Crohn's disease and resulting surgery, were unrelated to the accident because the medical bills for that treatment had not been submitted under the PIP coverage, notwithstanding that Dr. Nam plainly stated that the gastrointestinal injuries and surgery were caused by the accident.

24. Whether a medical bill was submitted to first party benefits coverage has no bearing on whether an injury was caused by the accident. The Policy's basic first party medical benefit limit is $5,000.00, and Travelers possessed no medical opinion contradicting Dr. Nam.

25. By email dated August 21, 2026, Travelers denied the underinsured motorist claim, stating that "this does not appear to be a valid Underinsured claim, as the underlying carrier limits of 100k that were previously tendered, should fairly compensate your client for this loss," even though the underlying settlement was $97,500.00.

26. Travelers issued its denial approximately three months after Plaintiff's claim was presented, without requesting an independent medical examination or examination under oath, without obtaining any medical opinion of its own, and without making any offer of underinsured motorist benefits.

## COUNT I – BREACH OF CONTRACT

27. Plaintiff, Melissa Sesi, incorporates by reference the allegations contained in Paragraphs 1 through 26, inclusive, of this Complaint as though the same were set forth herein more fully at length.

28. The aforesaid accident was the direct and proximate result of the carelessness and negligence of the underinsured motorist and was due in no part to any act or failure to act on the part of Plaintiff, Melissa Sesi.

29. As a direct and proximate result of the negligence and carelessness of the underinsured motorist, Plaintiff, Melissa Sesi, suffered and will continue to suffer from severe and permanent injuries to her bones, joints, muscles, tendons, blood vessels, and soft tissues throughout her entire body, including but not limited to: segmental and somatic dysfunction of the cervical region, cervicalgia, cervical radiculopathy, segmental and somatic dysfunction of the thoracic region, pain in the thoracic spine, segmental and somatic dysfunction of the lumbar region, lumbar radiculopathy, low back pain, right hip pain, aggravation and exacerbation of Crohn's disease necessitating surgery, and a severe shock to her nerves and nervous system, which injuries have, in the past, and will, in the future, cause Plaintiff great pain and suffering, a serious impairment of her bodily functions, and which are or may be permanent in nature.

30. As a direct and proximate result of the carelessness and negligence of the aforesaid underinsured motorist, Plaintiff, Melissa Sesi, was, is and will be required to undergo medical treatment and incur medical costs and expenses in order to alleviate said injuries, pain and suffering.

31. As a direct and proximate result of the carelessness and negligence of the aforesaid underinsured motorist, Plaintiff, Melissa Sesi, was, is and will be precluded from engaging in her normal activities and pursuits.

32. The medical documentation Plaintiff has provided to Travelers establishes that as a result of the accident caused by the underinsured motorist, Plaintiff, Melissa Sesi, sustained permanent injuries resulting in permanent residual disability, and that her serious injuries satisfy any applicable serious injury threshold under the Policy.

33. Defendant, Travelers, has never had Plaintiff, Melissa Sesi, examined by any physician and, therefore, has no medical evidence or documentation of its own to refute Plaintiff's medical evidence which clearly establishes Plaintiff's injuries.

34. Despite having no medical evidence of its own to refute Plaintiff's medical evidence, Defendant, Travelers, without any justification, refused to pay Plaintiff's underinsured motorist benefits under the Policy, requiring Plaintiff to file suit to obtain those benefits.

35. Upon information and belief, Plaintiff has fully complied with all the terms, conditions and duties under the Policy, and Plaintiff has accumulated medical bills and expenses which are or may be recoverable from the underinsured motorist coverage herein.

**WHEREFORE,** Plaintiff, Melissa Sesi, demands judgment in her favor and against Defendant, Travelers, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, together with interest, costs of suit, and such other relief as this Honorable Court deems just and proper.

## COUNT II – BAD FAITH (42 Pa.C.S. § 8371)

\

36. Plaintiff, Melissa Sesi, incorporates by reference the allegations contained in Paragraphs 1 through 35, inclusive, of this Complaint as though the same were set forth herein more fully at length.

37. As Plaintiff's insurer, Travelers owes Plaintiff a fiduciary, contractual and statutory obligation to investigate, evaluate and negotiate Plaintiff's underinsured motorist claim in good faith and to arrive at a prompt, fair and equitable resolution.

38. Travelers lacked a reasonable basis for denying underinsured motorist benefits under the Policy, and Travelers knew of or recklessly disregarded its lack of a reasonable basis, as follows:

(a) Unreasonable delay: After Plaintiff provided the PIP file authorization and Dr. Nam's causation letter on June 1, 2026, Travelers provided no substantive evaluation, no explanation for its delay, and no timeline, and then denied the claim on August 21, 2026 without conducting any independent medical examination or examination under oath;

(b) Pretextual choice of law: Travelers handled the claim through its New Jersey Claim Center, invoked New Jersey "Longworth" procedure, and asserted that New Jersey law governed and that underinsured motorist benefits were "gap" rather than excess coverage, although the Policy is a Pennsylvania policy issued to a Pennsylvania insured and governed by Pennsylvania law, as a pretext to contend that no underinsured motorist benefits were owed;

(c) Disregard of uncontroverted causation evidence: Travelers contended that Plaintiff's gastrointestinal injuries and surgery were unrelated to the accident because the related medical bills had not been submitted under the PIP coverage, despite Dr. Nam's unequivocal opinion that

those injuries and that surgery were caused by the accident, and despite having no contrary medical opinion;

(d) Failing to objectively and fairly evaluate Plaintiff's claim, and failing reasonably and adequately to investigate Plaintiff's claim and to evaluate the medical documentation in Travelers' possession;

(e) Misstating the underlying recovery as $100,000.00 when Plaintiff settled with GEICO for $97,500.00, and denying the claim on the basis that the underlying recovery "should fairly compensate" Plaintiff without any stated medical or valuation analysis;

(f) Not attempting in good faith to effectuate a prompt, fair and equitable settlement of Plaintiff's claim, and subordinating the interests of its insured to its own financial interest; and,

(g) Compelling Plaintiff to file suit and to incur the expense, stress and anxiety of litigation to recover amounts due under the Policy.

39. Travelers has engaged in wanton and reckless conduct with regard to the welfare, interests and rights of Plaintiff, its insured, and has violated 42 Pa.C.S. § 8371, for which Travelers is liable for interest on the amount of the claim, punitive damages, court costs and attorney's fees.

**WHEREFORE,** Plaintiff, Melissa Sesi, demands judgment in her favor and against Defendant, Travelers, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), together with interest, punitive damages, costs of suit, attorney's fees, and any other damages allowed by 42 Pa.C.S. § 8371.

## JURY DEMAND

Plaintiff, Melissa Sesi, demands a jury trial.

Respectfully submitted,

**TABAKINWOLFE, LLP**

BY:__________________________________

RICHARD A. WOLFE, ESQUIRE
Attorney I.D. NO. 78944
rich@twnlegal.com

Office Court at Blue Bell
587 Skippack Pike, Suite 300
Blue Bell, PA 19462
(215) 525-1616 – phone
(215) 525-5858 – facsimile
*Attorneys for Plaintiff,*
*Melissa Sesi*